Orestes J. ASENCIO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 93–5080
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 8, 1994.

Orestes J. Asencio, pro se.

Donald Couvillon, Richard M. Evans, Jane Gomez, David J. Kline, Dept. of Justice/OIL, Civil Div., Washington, DC, for respondent.

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Orestes J. Asencio ("Asencio"), a Florida inmate, appeals the affirmance of the Immigration Judge's final order of deportation and the denial of his request for a waiver of inadmissibility under 8 U.S.C. § 1105a(a). This court finds no merit in Asencio's claims; thus, we affirm the judgment of the Immigration Judge.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Asencio, a native and citizen of Cuba, was admitted to the United States as a lawful permanent resident with an effective entry date of March of 1975. In October of 1980, he was convicted in Florida state court on charges of conspiring to commit a burglary, burglary of a structure, attempted murder in the first degree and unlawful possession of a firearm, and was sentenced to life imprisonment. On that same date, he was also convicted on unrelated charges of burglary and grand theft, and sentenced to fifteen years imprisonment for those offenses.

The Immigration and Naturalization Service ("INS") initiated deportation proceedings against Asencio in 1982. The INS charged him with deportability under § 241(a)(4) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(4), as an alien who, after entry into the United States, was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. At his deportation hearing, Asencio acknowledged that his convictions for burglary and grand theft arose from an incident separate from that which gave rise to his attempted murder conviction, and that he had been incarcerated continuously since 1980.

Based upon his convictions, the Immigration Judge ("IJ") found him to be deportable under § 241(a)(4). The IJ further held that Asencio's conviction for conspiracy to commit attempted first degree murder was an aggravated felony as defined in § 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43). As an aggravated felon who had been incarcerated for more than five years, Asencio was therefore ineligible for a waiver of inadmissibility under § 212(c) of the Act, 8 U.S.C. § 1182(c). Consequently, the IJ ordered Asencio deported to Cuba.

Asencio appealed the IJ's finding that he was ineligible for relief from deportation to the Board of Immigration Appeals ("the Board"). He argued that he could not be considered an aggravated felon under § 101(a)(43) of the Act, as that subsection, enacted after the dates of his criminal convictions, did not apply retroactively. The Board affirmed the IJ's decision and dismissed Asencio's appeal. It found that Asencio was ineligible to apply for relief from deportation under § 212(c) of the Act, 8 U.S.C. § 1182(c), because that subsection, as amended in 1990, "provides that an alien who has been convicted of an aggravated felony and has served at least five years is ineligible for a waiver [of inadmissibility]." The Board noted that the statutory bar to relief applies to all felony convictions, regardless of when the crime was committed or conviction occurred. Asencio's timely *pro se* petition for review of the Board's decision followed.

## II. DISCUSSION

### A. *Deportability*

■ Asencio argues that the IJ erred in finding that he was deportable under § 241(a) of the Act, because the INS did not prove by clear and convincing evidence that his state convictions involved crimes of moral turpitude and arose out of separate schemes of criminal conduct. He further asserts that the IJ abused his discretion by failing to consider his eligibility for a waiver of inadmissibility based on extreme hardship under § 212(h) of the Act. The government contends that Asencio failed to exhaust these claims before the Board, and that this court therefore lacks jurisdiction to review them on appeal.

■ Under § 106(c) of the Act, 8 U.S.C. § 1105a(c), a court lacks jurisdiction to con-

sider a claim which has not first been presented to the Board, as an alien must exhaust the administrative remedies available to him prior to obtaining judicial review. *Melian v. I.N.S.*, 987 F.2d 1521, 1526 (11th Cir.1993); *Perlera–Escobar v. Executive Office for Immigration*, 894 F.2d 1292, 1296 (11th Cir.1990). Thus, because Asencio failed to challenge the IJ's finding that he is deportable or argue that he is eligible for a waiver of inadmissibility based on extreme hardship in his appeal before the Board, this court lacks jurisdiction to review these claims.

### B. *Waiver of Inadmissibility*

■ Asencio argues that his 1980 conviction for conspiracy to commit attempted murder and incarceration for more than five years does not render him ineligible to receive a waiver of inadmissibility under § 212(c) of the Act. He maintains that his conviction cannot be considered an aggravated felony as defined by § 101(a)(43) of the Act, because that subsection did not contain an effective date, thereby indicating that Congress intended that it only have a prospective application. Because the term "aggravated felony" does not apply retroactively, Asencio concludes, then the statutory bar to waivers of inadmissibility contained in § 212(c), which only becomes effective if the alien is convicted of an aggravated felony, also has no retroactive application. Asencio further argues that because the statutory bar in § 212(c) only applies to aliens, it does not apply to deportation proceedings.

■ This court reviews an administrative agency's statutory interpretation *de novo*, but defers to the agency's interpretation if it is reasonable. *Perlera–Escobar*, 894 F.2d at 1296. Accordingly, at issue in the present case is whether the Board's determination that § 212(c) of the Act applies retroactively to all aggravated felonies is a reasonable interpretation of that statute.

Section 212(c) provides, in relevant part, that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." While originally designed as a waiver of exclusion, this provision has been extended to provide relief from deportation orders as well. *Jaramillo v. I.N.S.*, 1 F.3d 1149, 1150 (11th Cir.1993) (en banc). Section 212(c) was subsequently amended by § 511(a) of the Immigration Act of 1990 ("IMMACT"), to include the proviso that "[t]he first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years."

The term "aggravated felony" was first introduced into the Act by § 7342 of the Anti–Drug Abuse Act of 1988 ("ADAA"). As codified in 8 U.S.C. § 1101(a)(43), the Act listed attempts and conspiracy to commit murder as offenses which would constitute an aggravated felony, but did not contain an effective date. Section 501(a) of IMMACT amended § 101(a)(43) to include additional offenses, which the IMMACT expressly stated were aggravated felonies only if committed on or after the date of enactment of the amendment. The offenses listed in the original definition, however, were left without an effective date.

In the present case, the Board based its denial of Asencio's appeal on its prior decision in *Matter of A–A–*, ID 3176 (BIA 1992). In that opinion the Board held that although the ADAA did not specifically include a generally effective date for aggravated felony convictions, the construction of the statute as a whole suggested that the aggravated felony definition was meant to encompass all convictions, regardless of date. Based on its interpretation of § 101(a)(43), the Board found that, with the exception of the offenses added to the list of aggravated felonies by the IMMACT in 1990, the statutory bar in § 212(c) applied retroactively to aliens convicted of aggravated felonies prior to enactment of the ADAA.

This issue is one of first impression in this circuit. However, several of our sister circuits have addressed the issue, and have held that the Board's retroactive application of the statutory bar in § 212(c) is reasonable. *See*

*Barreiro v. I.N.S.*, 989 F.2d 62, 64 (1st Cir. 1993) (BIA interpretation is persuasive, as prospective application of § 212(c) would illogically preclude that subsection from becoming effective until five years after enactment of ADAA); *Buitrago–Cuesta v. I.N.S.*, 7 F.3d 291, 294 (2nd Cir.1993) (prospective application of § 212(c) would violate Congressional intent, as such an interpretation would place a five year restriction on the Attorney General's discretion regarding the treatment of aggravated felons); *De Osorio v. U.S. I.N.S.*, 10 F.3d 1034, 1041 (4th Cir. 1993) ("the Board's interpretation is a permissible construction of the statute and is more consistent with the intent of Congress to restrict the availability of § 212(c) relief [than prospective application]"); *Campos v. I.N.S.*, 16 F.3d 118, 122 (6th Cir.1994) (only "sensible interpretation" of § 212(c) is to give it immediate effect). In light of the weight of this persuasive authority, we join our sister circuits in upholding the BIA's interpretation of § 212(c) as a reasonable construction of that statute.

■ Asencio's second argument, that the statutory bar in § 212(c) does not apply to deportation proceedings because the statute only refers to "admissions," is also without merit. While this court has not specifically addressed this issue, it has held that resident aliens subject to deportation may seek discretionary relief under that section. *See Jaramillo*, 1 F.3d at 1151; *Melian*, 987 F.2d at 1523. Given the long established judicial application of this statute, it is unreasonable to assume that Congress intended the statutory bar contained in its amendment of § 212(c) to apply so restrictively. *Accord De Osorio*, 10 F.3d at 1039; *Matter of A–A–*, Interim Decision 3176 at 17. Accordingly, we hold that the statutory bar in § 212(c) applies to deportation proceedings.

Asencio, an aggravated felon who has been incarcerated for more than five years, is statutorily barred under § 212(c) from seeking a waiver of inadmissibility. Therefore, the

---

* Senior U.S. Circuit Judge Fay elected to participate in this decision pursuant to 28 U.S.C.

Board's dismissal of his request for a stay of deportation is affirmed.

AFFIRMED.