[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16284
Non-Argument Calendar

_____

BIA No. A79-414-863

BRIKEN DERSTILA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(July 12, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Briken Derstila, a native and citizen of Albania, petitions for review of the

decision of the Board of Immigration Appeals that affirmed the denial of Derstila's application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture (CAT). We deny the petition in part and dismiss the petition in part.

Because the BIA adopted the decision of the Immigration Judge without opinion, we review the Immigration Judge's analysis as if it were the analysis of the BIA. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the legal determinations of the BIA. Id. "Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "The trier of fact must determine credibility, and this [C]ourt may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). We review constitutional challenges de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).

Derstila makes several arguments on appeal. Derstila argues (1) that BIA violated his due process rights when it summarily affirmed the decision of the Immigration Judge; (2) that the Immigration Judge and the BIA denied him due process by distorting the evidence; (3) that the conduction of the hearing by the Immigration Judge constituted a denial of due process; and (4) that it was an abuse of discretion for the Immigration Judge and BIA to deny his application for asylum

2

or withholding of removal. None of Dertsila's arguments have merit.

Derstila's arguments that the BIA and Immigration Judge denied him due process fail. First, this Court lacks jurisdiction to review Derstila's claim that the Immigration Judge denied him due process, because Derstila did not raise this argument before the BIA. Asencio v. I.N.S., 37 F.3d 614, 616 (11th Cir. 1994); see 8 U.S.C. § 1252(d)(1). Second, under Federal Regulations a single member of the BIA may affirm, without opinion, the decision of the Immigration Judge if the Board member determines that any error was harmless and immaterial. Lonyem, 352 F.3d at 1342. There is no entitlement to a full opinion by the BIA, and the issuance of a summary affirmance does not demonstrate a lack of due process. Id.

Derstila's argument that the BIA and Immigration erred in denying his application for asylum or withholding of removal also fails. The Immigration Juge found Derstila to be "less than credible." Notwithstanding that finding, the Immigration Judge also found that Derstila had not suffered past persecution and did not have a well-founded fear of future persecution. The Immigration Judge found that Derstila's arrests by the police and mistreatment did not rise to the level of persecution, and that improved country conditions along with the continued residence of Derstila's father in Albania diminished the possibility of any future persecution.

3

Substantial evidence supports the Immigration Judge's credibility determination. The Immigration Judge detailed numerous inconsistencies between Derstila's sworn statement made at the airport, his testimony, and the documentary evidence. Derstila contradicted his own testimony at his hearing and also testified at his hearing in flat contradiction to his sworn statement to the asylum officer. "This [C]ourt may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed, 388 F.3d at 818. In the light of the record supporting the credibility finding of the Immigration Judge, we need not address the alternative finding of the Immigration Judge that Derstila's alleged mistreatment did not rise to the level of persecution.

Derstila's arguments regarding withholding of removal under the INA and the CAT also fail. An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "This standard is more stringent than the 'well-founded fear' standard for asylum. . . . [B]ecause [Derstila] cannot meet the 'well-founded fear' standard for asylum, it is a fortiori that he cannot meet the withholding of removal standard." D-Muhumed, 388 F.3d at 819 (citations omitted).

4

To obtain withholding of removal under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Because Derstila did not show that he "more likely than not" would be tortured upon his return to Albania, he cannot establish eligibility for CAT relief.

**PETITION DENIED IN PART AND DISMISSED IN PART.**