[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2005
THOMAS K. KAHN
CLERK

No. 04-15548
Non-Argument Calendar
_____

BIA No. A96-271-717

MIRYAM FAJARDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____

(July 20, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Miryam Fajardo, a native and citizen of Colombia, petitions this Court to

review the final order of the Board of Immigration Appeals ("BIA"), affirming the

immigration judge's ("IJ's") denial of asylum and withholding of removal under the

Immigration and Nationality Act ("INA") and the United Nations Convention Against

Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

Fajardo argues, inter alia, that the IJ erred by denying her petition for withholding of

removal, under the INA, after finding that she did not demonstrate past persecution

or a well-founded fear of future persecution by the Revolutionary Armed Forces of

Colombia ("FARC") based on her membership in Colombia's Liberal Party.[1]

---

[1]   We review only the denial of withholding of removal under the INA.  In his order, the IJ also denied asylum relief under the CAT and the INA.  Because Fajardo did not challenge the CAT ruling in her appeal to the BIA, she failed to exhaust her arguments relating to the denial of CAT relief and we lack jurisdiction to review them. See Galindo-Del Valle v. Att'y Gen., 213 F.3d 594, 599 (11th Cir. 2000).  The exhaustion requirement is jurisdictional, and precludes review of a claim that has not been presented to the BIA. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) ("[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); see also Asencio v. INS, 37 F.3d 614, 615-16 (11th Cir. 1994) ("[A] court lacks jurisdiction to consider a claim which has not first been presented to the Board . . . .").  Accordingly, we dismiss the appeal as to the denial of CAT relief.

As for the denial of asylum, based on a time bar, pursuant to the INA, we lack jurisdiction to review such a decision.  As amended by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 3009 (Sep. 30, 1996), Immigration and Nationality Act ("INA") § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), provides that an alien may not apply for asylum unless she demonstrates, by clear and convincing evidence, that the application has been filed within one year of her arrival in the United States.  The one-year filing period commences either on the date of the alien's arrival or on April 1, 1997, whichever is later.  See 8 C.F.R. § 208.4(a)(2)(ii).  Here, it is undisputed that Fajardo's application was not timely.

A late application for asylum may be considered upon a showing of changed circumstances, within the meaning of 8 C.F.R. § 208.4(a)(4), that materially affect the alien's eligibility for asylum, or extraordinary circumstances, within the meaning of 8 C.F.R. § 208.4(a)(5), that relate to the delay in filing the application within the one-year period.  INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). "Pursuant to 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances, such that the time limit should be waived, is not reviewable by any court." Fahim v. U.S. Att'y Gen., 278 F.3d 1216,

After thorough review of the record and careful review of the parties' briefs, we find no reversible error and affirm.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA adopted the IJ's reasoning, as it did here, we review the IJ's decision as if it were the BIA's. See id. "A factual determination by the [IJ] that an alien is statutorily ineligible for asylum or withholding is reviewed under the substantial evidence test." Id. at 1283-84 (internal quotations and citation omitted). "This means that the reviewing court must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (internal quotations and citation omitted). "We have repeatedly emphasized that the test is highly deferential . . . and that we must defer to the [IJ] unless a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id. (internal quotations and citation omitted).

An alien shall not be removed to a country if the Attorney General decides that her life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA

---

1217 (11th Cir. 2002). Accordingly, the present decision that Fajardo was not entitled to such a waiver simply is not reviewable by this Court and we dismiss the appeal as to the denial of asylum under the INA.

§ 241(b)(3), 8 U.S.C. § 1231(b)(3). The burden of proof is upon the alien to show her eligibility for withholding of removal. 8 C.F.R. § 208.16(b). An alien is entitled to withholding of removal if she can establish, with specific and credible evidence: (1) a past threat to life or freedom through proof of past persecution on account of her political opinion (or other statutorily listed factor), or (2) a future threat to life or freedom if it "is more likely than not" that her political opinion (or other statutorily listed factor) will cause future persecution. 8 C.F.R. § 208.16(b)(1),(2).

If an alien establishes past persecution, she is presumed to have a well-founded fear of future persecution, unless the government can rebut the presumption with evidence of changed circumstances in the alien's country or that the alien could relocate within her country and that it would be reasonable to expect her to do so. 8 C.F.R § 208.16(b)(1)(i). If, however, an alien does not establish past persecution, she bears the burden of showing a well-founded fear of future threat to life or freedom by showing that it is more likely than not that she will suffer persecution on the basis of her political opinion (or other statutorily protected factor), and he could not avoid persecution by relocating to another part of her country, if, under all of the circumstances, it would be reasonable to expect her to do so. See 8 C.F.R. § 208.16(b)(2).

Fajardo argues that the IJ improperly speculated about her credibility to deny

her application for withholding of removal. Fajardo further argues that she established past persecution on account of her political opinion, as well as a well-founded fear of future persecution should she return to Colombia, as she was "the target of consistent threats, intimidation and fear." Fajardo contends that the IJ erred by failing to find that her refusal to cooperate with the FARC constituted an imputed political opinion, and the persecution she suffered was a result of that imputed political opinion. We disagree.

Substantial evidence supports the IJ's finding that Fajardo failed to demonstrate that she suffered past persecution or had a well-founded fear of future persecution on account of a statutorily listed factor. Although there is some evidence that Fajardo was the target of harassment, which included threatening phone calls and notes from the FARC, after she refused to cooperate with FARC guerillas, such evidence, standing alone, is insufficient to satisfy her burden. See Sanchez v. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (finding that petitioner's claim, based on harassment by FARC guerillas and petitioner's failure to cooperate with the guerrillas or to join their forces, did not establish persecution for purposes of withholding of removal under INA); see also Perlera-Escobar v. Executive Office for Immigration, 894 F.2d 1292, 1296 n.4 (11th Cir.1990) (noting that this Circuit "has not adopted the . . . belief that political neutrality is a political opinion" for purposes of the INA).

Simply put, Fajardo has failed to establish that the record compels a finding that the FARC persecuted her, or that she had a well-founded fear of future persecution by the FARC, because of a political opinion, imputed or actual. Accordingly, we deny the petition for review of the denial of withholding of removal under the INA.

**PETITION DENIED IN PART, DISMISSED IN PART.**