[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14709
Non-Argument Calendar

_____

Agency No. A73-578-132

RU CHENG ZHANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 14, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ru Cheng Zhang, a native and citizen of China, petitions for review of the

BIA's dismissal of his appeal from the IJ's denial of his motion to reopen.  Zhang

arrived in the United States on August 4, 1994. That same year he filed an asylum application, claiming he had been persecuted in China because of his religious beliefs. In 1997, Zhang withdrew his asylum application with prejudice and was granted voluntary departure. However, he failed to leave the country and filed a motion to reopen his deportation proceedings in 1999, seeking withholding of deportation because he was now married and he and his wife were expecting their first child, in violation of Chinese family planning policies. The IJ granted the motion to reopen as to the prospective family planning claim.

An asylum hearing was held on April 1, 2005, and the IJ informed Zhang that he should file an application for cancellation of removal by a certain date and instructed him to appear for an individual hearing on June 2, 2006. The deadline for filing the application for cancellation was not set out in the written order and we do not have a transcript of the hearing. Zhang claims that he thought he had until the end of August to file an application; the government claims the filing deadline was August 1, 2005. Regardless, on August 5, 2005, the IJ dismissed Zhang's case because he had failed to file an application for cancellation of removal and had no pending applications before the immigration court. Zhang failed to appeal that dismissal.

But on October 31, 2005, Zhang filed a motion to reopen, claiming that (1)

2

medical problems prevented him from timely filing an application for cancellation of removal; (2) he believed that the application was not due until the end of August; and (3) he thought that his original asylum application was still pending. Zhang sought relief, arguing that he or his wife could face forced sterilization in China because they had violated China's family planning policies by having three children. The IJ denied the motion, finding that no exceptional circumstances for reopening the case existed and that Zhang did not qualify for cancellation of removal under the INA. Zhang appealed to the BIA. The BIA dismissed his appeal, finding that (1) Zhang's challenge to the IJ's August 5, 2005 decision was untimely; and that (2) his claim that he never had a hearing on his previous asylum application was without merit because he failed to diligently pursue that claim after it was reopened in 1999 and has delayed for more than five years in filing an application for relief from deportation. Zhang subsequently filed this appeal.

Zhang now argues that the BIA erred in dismissing his appeal because the IJ relied on the wrong legal standard ("exceptional circumstances for reopening") in its order denying his motion to reopen. He claims that he meets the applicable "reasonable likelihood" standard because he and his wife are in violation of Chinese policy. He also argues that his due process rights were violated because (1) he did not receive notice of a deadline for filing an application for cancellation

3

of removal; and (2) he was denied a full and fair hearing on his asylum claim.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own decision, so we consider only that decision.

We review the BIA's denial of a motion to reopen and a motion to reconsider for abuse of discretion. Gbaya v. United States Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (addressing motions to reopen); Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (addressing motions to reconsider). The BIA abuses its discretion when it reaches its decision "in an arbitrary or irrational manner." Gomez-Gomez v. INS, 681 F.2d 1347, 1349 (11th Cir. 1982). We review de novo constitutional challenges. Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).

If an alien fails to exhaust all administrative remedies available to him, we lack jurisdiction to review the final order of removal. 8 U.S.C. § 1252(d)(1); Al Najjar, 257 F.3d at 1283 n.12. We also "lack[] jurisdiction to consider a claim which has not first been presented to the Board." Asencio v. INS, 37 F.3d 614, 615–16 (11th Cir. 1994). However, we retain jurisdiction to review constitutional issues. 8 U.S.C. § 1252(a)(2)(D).

Motions to reconsider and motions to reopen are generally disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992). A motion to reconsider must be filed within 30 days of the BIA's final decision, 8 C.F.R. § 1003.2(b)(2), and "shall state the reasons for the motion by specifying the errors of fact or law in the prior [IJ or BIA] decision and shall be supported by pertinent authority." Id. § 1003.2(b)(1).

When an alien is found removable and was present at the removal hearing, a motion to reopen must be filed within 90 days of the IJ's or BIA's final decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). In a motion to reopen, the petitioner must show (1) there is new evidence; and (2) that new evidence is material, was unavailable, and could not have been discovered or presented at the former hearing. See 8 C.F.R. § 1003.2(c)(1). Furthermore, a motion to reopen may be granted only if the alien demonstrates that he is statutorily eligible for relief. 8 C.F.R. § 1003.23(b)(3). To be statutorily eligible for the cancellation of removal, a nonpermanent resident must (1) have been continuously and physically present in the United States for at least ten years prior to filing the application; (2) must have been a person of good moral character during those ten years; (3) must

5

not have been convicted of certain offenses; and (4) must establish that "removal would result in exceptional and extremely unusual hardship" to the alien's spouse or child who is a lawful citizen of the United States.  8 U.S.C. § 1229b(b)(1).  For purposes of determining whether an individual has been present in the United States for ten years or more, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title."  8 U.S.C. § 1229b(d)(1).

Because Zhang made arguments in his motion to reopen concerning whether the IJ erred in dismissing his case, it appears that his motion was more akin to a motion to reconsider than a motion to reopen.  However, a motion to reconsider must be filed within 30 days of the IJ's order, and Zhang did not file his motion until nearly three months after the IJ's August 5, 2005 dismissal order.  Therefore, to the extent Zhang's motion was actually a motion to reconsider, it was untimely, and the BIA did not abuse its discretion in dismissing Zhang's appeal.

To the extent Zhang's motion was a motion to reopen, the BIA did not err in dismissing his appeal.  Zhang is not entitled to reopening for two reasons.  First, Zhang failed to present material evidence that was unavailable and could not have been discovered or presented at the removal hearing.  We have held that a motion

6

to reopen may be denied for the applicant's failure to introduce evidence that was material and previously unavailable. Al Najjar, 257 F.3d at 1302. Zhang claims that the birth of his third child on October 30, 2005 constituted "new evidence" that was unavailable at the time of his previous hearing. But Zhang filed an affidavit with the IJ on March 18, 2005 indicating that his wife was pregnant with their third child. Consequently, the evidence of the third child was before the IJ when he issued his August 5, 2005 order and does not constitute "new" evidence meriting reopening. Second, Zhang was not statutorily eligible for cancellation of removal because he had not been present in the United States for ten years at the time he was served with a notice to appear. Zhang came to the United States on August 4, 1994, and the government served him with a notice to show cause in 1996. Therefore, Zhang was not eligible for cancellation of removal, and the BIA did not abuse its discretion in dismissing Zhang's appeal. We deny his petition as to this issue.

Finally, although Zhang argues that his due process rights were violated when he did not receive notice of the deadline for filing an application for cancellation of removal and when he was denied a full and fair asylum hearing, we lack jurisdiction to consider these arguments because Zhang never appealed the dismissal order from which these claims stem. See Sundar v. INS, 328 F.3d 1320,

1323 (11th Cir. 2003) ("The rules are clear:  before proceeding to federal court, an alien must exhaust his or her administrative remedies.").  Accordingly, we dismiss the petition as to this issue.

**PETITION DENIED IN PART, DISMISSED IN PART.**