[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 15, 2008
THOMAS K. KAHN
CLERK

No. 07-12933
Non-Argument Calendar

_____

BIA No. A30-917-419

NAEL DAWUD SAMMOUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 15, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Nael Dawud Sammour, a native and citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal and granting the Department of Homeland Security's ("DHS") motion to pretermit Sammour's application for relief, which was filed under former INA § 212(c), 8 U.S.C. § 1182(c) (1996). After review, we dismiss in part and deny in part the petition for review.

## I. BACKGROUND

While a lawful permanent resident, Sammour was convicted of several criminal offenses, including 1985 convictions for two counts of receiving stolen property, a 1992 conviction for attempted receipt of stolen property and 1992 federal convictions for two counts of bank fraud. In 1992, the Immigration and Naturalization Service ("INS")[1] issued an Order to Show Cause, charging Sammour with deportability under former INA § 241(a)(2)(A)(ii), 8 U.S.C. § 1251(a)(2)(A)(ii), because his criminal convictions constituted two or more crimes involving moral turpitude. In 1995, an IJ ordered Sammour deported.

That same year, Sammour filed an application for waiver of deportation under former INA § 212(c). In 1996, Congress passed two pieces of legislation ("the 1996 amendments") that significantly changed immigration law, the

[1]In 2003, the INS was abolished and its enforcement functions were transferred to the newly created DHS. See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 471, 116 Stat. 2135.

Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), enacted on April 24, 1996; and the Illegal Immigration Removal and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Div. C., 110 Stat. 3009-546, enacted on September 30, 1996. Among other things, the 1996 amendments eliminated § 212(c) relief for aliens convicted of certain disqualifying offenses, including "crimes of moral turpitude." See AEDPA § 440(d).[2]

In 1997, the IJ denied Sammour's application because his 1985 receipt of stolen property and 1992 bank fraud convictions were "crimes of moral turpitude" and the 1996 amendments had rendered aliens convicted of such crimes ineligible for § 212(c) relief. In 1998, the BIA affirmed.

In 2001, Sammour filed with the BIA a "Special 212(c) Motion to Reopen and Remand" based on INS v. St. Cyr, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001), which held that the provisions of the 1996 amendments eliminating § 212(c) relief could not apply retroactively to aliens who were eligible for

---

[2]Section 440(d) of AEDPA amended INA § 212(c) to expand the types of offenses that could disqualify an alien for § 212(c) relief to include an alien who is deportable "by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii) [aggravated felonies], (B) [controlled substances convictions], (C) [certain firearm offenses], or (D) [miscellaneous crimes], or any offense covered by section 241(a)(2)(A)(ii) [multiple criminal convictions] for which both predicate offenses are covered by section 241(a)(2)(A)(i) [crimes of moral turpitude]." Later, IIRIRA repealed § 212(c) altogether. See Pub. L. No. 104-208, Div. C Title III § 304(b), 110 Stat. 3009-597.

§ 212(c) relief at the time they pled guilty to a disqualifying offense.  The BIA

granted Sammour's motion to reopen and remanded the case to an IJ for further

proceedings.

On remand, the DHS filed a motion to pretermit Sammour's application for

§ 212(c) relief, which was denied.  The DHS filed a renewed motion to pretermit

Sammour's § 212(c) application, charging Sammour with deportability under

another immigration statute, former INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C),

based on a 1982 Ohio conviction for possessing an unregistered firearm.[3]

The IJ granted the DHS's renewed motion.  The IJ concluded that the 1996

amendments' elimination of § 212(c) relief applied to Sammour, despite St. Cyr,

because Sammour was convicted following a trial, rather than a guilty plea.

Alternatively, the IJ concluded that Sammour was ineligible for § 212(c) relief

because his 1982 firearms offense did not have a comparable ground for exclusion,

and thus could not be waived.

_____

[3]INA § 241 authorized the Attorney General to enter an order deporting an alien who fell within certain classes of deportable aliens.  Included within this list of deportable aliens were aliens convicted of certain firearm offenses, as follows:
> (C) Certain firearm offenses
>
> Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C) (1996) (currently codified at 8 U.S.C. § 1227(a)(2)(C)).

4

The BIA declined to adopt the IJ's denial of § 212(c) relief based on the fact that Sammour's 1982 firearm conviction resulted from a jury verdict. The BIA concluded that § 309(c) of IIRIRA and 8 C.F.R. § 1212.3(g) preserved § 212(c) relief requests for aliens, like Sammour, who were placed in deportation proceedings before enactment of the 1996 amendments. Thus, the BIA determined that Sammour's conviction by a jury, rather than a guilty plea, did not affect the availability of § 212(c) relief.[4]

Instead, the BIA concluded that Sammour was statutorily ineligible for § 212(c) relief. However, this ineligibility was not based on the 1996 amendments, but based on a separate ground. A former § 212(c) waiver was available to removable lawful permanent residents only to the extent the grounds for removal were analogous to grounds for exclusion under INA § 212(a), 8 U.S.C. § 1182(a). The BIA concluded that Sammour was ineligible for a § 212(c) waiver of removability based on his 1982 firearm offense because there was no comparable ground for exclusion under § 212(a).

Sammour filed this appeal.

## II. DISCUSSION

---

[4]Sammour argues that the IJ erred in finding that he was ineligible for § 212(c) relief under St. Cyr because he was convicted after trial. However, the BIA did not adopt the IJ's ruling on this point. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (explaining that we review the IJ's reasoning only to the extent the BIA adopts it).

5

As a threshold matter, we first determine whether we have jurisdiction over Sammour's petition for review.[5] Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001). We lack jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed [certain enumerated criminal offenses]." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); Moore v. Ashcroft, 251 F.3d 919, 922-23 (11th Cir. 2001). One of the enumerated criminal offenses is a conviction "under any law of . . . possessing . . . any weapon, part, or accessory which is a firearm . . . ." See INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C); INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (referencing, for the purpose of identifying disqualifying offenses, 8 U.S.C. § 1227(a)(2)(C)). When judicial review is limited by statutory conditions, we retain jurisdiction to determine only whether these statutory conditions exist. Brooks v. Ashcroft, 283 F.3d 1286, 1272 (11th Cir. 2002). Thus, our review is limited to the threshold issues of whether a petitioner is (1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense. Id.

In 1982, Sammour was convicted in Ohio of possessing an unregistered firearm. Sammour does not dispute that his firearm conviction is a disqualifying offense for purposes of depriving this Court of jurisdiction to review his final

---

[5]The government filed a motion to dismiss Sammour's petition for lack of appellate jurisdiction. We review issues of subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

removal order. Therefore, to the extent Sammour seeks review of his removal order, we lack jurisdiction and dismiss his petition.

We still must consider Sammour's § 212(c) claim for waiver of removability. As to the discretionary aspect of that relief, we also lack jurisdiction to review denials of discretionary relief, including waiver of removability under INA § 212(c). See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); see also Camacho-Salinas v. U.S. Att'y Gen., 460 F.3d 1343, 1347-48 (11th Cir. 2006). However, we retain jurisdiction to review constitutional claims or questions of law. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231; Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359-60 (11th Cir. 2005).[6] Therefore, we have jurisdiction to review the legal question of whether Sammour's firearm conviction rendered him ineligible for § 212(c)'s waiver of removability.

Under § 212(c), the Attorney General has the discretion to waive an alien's inadmissible status if the alien was a lawful permanent resident who had lived continuously in the United States for seven years. See INA § 212(c), 8 U.S.C. § 1182(c) (1996). Although § 212(c) originally provided for a waiver of exclusion

---

[6]Although Sammour's deportation proceedings began before April 1, 1997, his petition for review is governed by IIRIRA. Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1008 n.3 (11th Cir. 2005) (explaining that, after the REAL ID Act, "[t]he date on which a petition is filed is no longer important, as Congress has now directed that all petitions for review will be governed under the permanent provisions of IIRIRA").

for aliens who had temporarily gone abroad, the provision was "extended to provide relief from deportation orders as well." Asencio v. INS, 37 F.3d 614, 616 (11th Cir. 1994). However, as already noted, the § 212(c) waiver is available to removable lawful permanent residents only to the extent the grounds for removal are analogous to grounds for exclusion under INA § 212(a), 8 U.S.C. § 1182(a).

Here, the BIA concluded that Sammour was ineligible for a § 212(c) waiver of removability based on his firearms offense because there is no comparable ground for exclusion under § 212(a). This Court has reached the same conclusion. See Rodriguez-Padron v. INS, 13 F.3d 1455, 1460-61 (11th Cir. 1994) (concluding that an alien convicted of a firearms violation is not eligible for § 212(c) relief because there is not a comparable ground for exclusion); see also Adefemi v. Ashcroft, 386 F.3d 1022, 1031 (11th Cir. 2004) (en banc) (same). Accordingly, the BIA correctly concluded that Sammour's firearm conviction rendered him ineligible for § 212(c) relief. With respect to this issue, Sammour's petition for review is denied.[7]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[7]In light of this opinion, we deny the government's motion to dismiss as moot.

8