[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 12, 2006
THOMAS K. KAHN
CLERK

No. 05-15421
Non-Argument Calendar

_____

BIA No. A36-469-045

JEAN FIDES ALEXANDRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 12, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Jean Fides Alexandre, a native of Haiti, petitions for review of the decision

of the Board of Immigration Appeals (BIA) denying his motion to reopen his deportation proceedings in order to permit him to apply for relief under former INA § 212(c).[1] The BIA denied the motion to reopen on the ground that Alexandre was ineligible for § 212(c) relief because he had been convicted of drug charges amounting to an aggravated felony and had served five years of his sentence. That conviction was imposed in 1989 by a Florida state court following a jury trial.

We note at the outset that, even though Alexandre is a convicted felon, we do have jurisdiction to hear his claims on appeal because they are constitutional and legal in nature. See 8 U.S.C. § 1252(a)(2)(C), (D) (stripping us of jurisdiction to review a final removal order against an alien convicted of certain criminal offenses except to the extent that a petitioner raises a constitutional question or a question of law).

## I.

Alexandre contends that § 106 of the REAL ID Act Pub. L. No. 109-13, 119 Stat. 231 (2005) violates the Suspension Clause of the United States Constitution because it expressly forecloses any habeas review, and a petition for review is not the equivalent of one seeking habeas corpus relief since the reviewing court is not allowed to take evidence.

---

[1] In September 1996, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) repealed § 212(c), which allowed deportable aliens to seek a waiver of inadmissibility. See Pub. L. No. 104-132, § 304(b), 110 Stat. 3009-546.

The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended." U.S. Const. art. I, § 9, cl. 2. The Supreme Court has held that, "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411 (1977). If a substitute remedy provides the same scope of review as a habeas remedy, it is adequate and effective. Id. at 381-82, 97 S.Ct. at 1229-30. "Congress could, without raising any constitutional questions, provide an adequate substitute through the courts of appeals." Immigration and Naturalization Serv. v. St. Cyr, 533 U.S. 289, 314 n.38, 121 S.Ct. 2271, 2287 150 L.Ed.2d 347 (2001). "Habeas review available in § 2241 petitions by aliens challenging removal orders" includes constitutional issues and errors of law, but "does not include review of administrative fact findings or the exercise of discretion." Cadet v. Bulger, 377 F.3d 1173, 1184 (11th Cir. 2004).

Section 106 of the REAL ID Act amended 8 U.S.C. § 1252(a) so that a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order. 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). While limiting the avenues of judicial review, the REAL ID Act expanded courts of appeals' jurisdiction to consider constitutional and legal questions presented in a petition for

3

review. § 1252(a)(2)(D). Congress believed that "[b]y placing all review in the courts of appeals, [the REAL ID Act] would provide an 'adequate and effective' alternative to habeas corpus." The thinking was that the Act "would not change the scope of review that criminal aliens currently receive, because habeas review does not cover discretionary determinations or factual issues that do not implicate constitutional due process." 151 Cong. Rec. H2813-01, H2873. Because Congress gave courts of appeal jurisdiction to review all legal and constitutional errors in a removal order, habeas review became unnecessary. See Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005) (deciding that we had jurisdiction to review whether the BIA legally erred in determining that alien's conviction was an aggravated felony).

We can find no fault in Congress' reasoning. Section 106 of the REAL ID Act does not violate the Suspension Clause of the Constitution because it provides, through review by a federal court of appeals, an adequate and effective remedy to test the legality of an alien's detention. Even though habeas corpus relief is precluded by the REAL ID Act, a deportable alien can still seek review of constitutional and legal claims by moving the BIA to reopen or reconsider its previous ruling, and if unsuccessful, by filing a petition for review in the court of appeals. See 8 C.F.R. § 1003.2(c); 8 U.S.C. §1252(a)(5), (2)(D). This procedure offers the same review as that formerly afforded in habeas corpus which provided

legal, but not factual or discretionary, determinations. See Cadet, 377 F.3d at 1184. Since the substitute remedy of a petition for review offers the same scope of review as a habeas remedy, it is adequate and effective. See Swain at 381-82, 97 S.Ct. at 1229-30.

Alexandre had the opportunity in his motion before the BIA to offer evidence to prove his eligibility for § 212(c) relief. As the BIA noted, he failed to do so. See 8 C.F.R. § 1033.44(f) (noting that an alien filing a motion under this section must submit "supporting documents").

Because Alexandre brought only constitutional and legal claims on appeal, it was not error for his habeas petition to be construed as a petition for review and transferred to us by the district court where he filed it.

## II.

Alexandre argues that the BIA erred as a matter of law in concluding that his § 212(c) motion to reopen was barred because he had already served five years of his sentence, and for that reason he was precluded from receiving relief based on the Immigration Act of 1990, which provided that an alien convicted of an aggravated felony who had served at least five years of his sentence could not seek a waiver of inadmissibility under then INA § 212(c), 8 U.S.C. § 1182(c). See Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052 (IMMACT-90). Alexandre argues that applying the five-year bar to him produces an impermissibly retroactive effect.

5

We have not yet been called upon to identify the standard of review applicable to a denial of a motion to reopen brought pursuant to 8 C.F.R. § 1003.44. However, it is unnecessary for us to determine which standard of review is appropriate in this case, because Alexandre is clearly not eligible for § 212(c) relief under any standard.

The provisions that repealed discretionary relief from deportation under § 212(c) do not apply retroactively to an alien who pled guilty to criminal charges, in reliance on the possibility of § 212(c) relief, prior to the enactment of the repealer provisions. St. Cyr, 533 U.S. at 326, 121 S.Ct. at 2293. If an alien pled guilty or nolo contendere to certain crimes before April 1, 1997, he may file a motion to reopen his deportation proceedings in order to seek § 212(c) relief. 8 C.F.R. § 1003.44. An alien is ineligible for § 212(c) relief if he has been convicted of an aggravated felony, unless he was convicted between 1990 and 1996 and served less than 5 years of his sentence, or he was convicted pursuant to a guilty plea before 1990. §§ 1003.44(c), 1212.3(f)(4)(i)-(ii).

This § 212(c) relief is not available to aliens who were convicted after a trial instead of on a guilty plea. § 1003.44(a). We have upheld, as consistent with St. Cyr, the distinction between aliens who pled guilty and those who proceeded to trial. Brooks v. Ashcroft, 283 F.3d 1268, 1274 (11th Cir. 2002).

6

The BIA did not err in finding that Alexandre was ineligible for § 212(c) relief. From the record, it is clear that Alexandre was convicted in 1989 of an aggravated felony after a jury trial and he served more than five years of his sentence. It is also clear that relief under former § 212(c) was not available to him when deportation proceedings were instituted against him in 1994 because he had served at least 5 years of his sentence. See IMMACT-90, § 511(a). However, the retroactivity rationale of St. Cyr does not apply to IMMACT-90. Thus, at the time of his deportation proceedings, he was ineligible for § 212(c) relief because of the five-year bar.

Alexandre argues that the five-year bar produces an impermissible retroactive effect because he committed his crime before the statute including it was passed, but that argument was resolved in Alexandre's initial appeal before the BIA, and for that reason it is not properly before us now. Even if the retroactivity rationale of St. Cyr did apply to IMMACT-90, it would not apply to Alexandre because he did not plead guilty to his drug trafficking charges, but instead proceeded to trial and was convicted by a jury. Even without the five-year bar, the plain language of § 1003.44 also precludes those who did not plead guilty from relief. See § 1003.44(a); § 1212.3(f)(4)(ii); Brooks, 283 F.3d at 1274.

### III.

**PETITION DENIED.**

7