[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2008
THOMAS K. KAHN
CLERK

No. 07-12932
Non-Argument Calendar

_____

BIA No. A17-700-472

OSIRIS HUMBERTO IBANEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 20, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Osiris Ibanez, with the assistance of counsel, petitions for review

of the Board of Immigration Appeals's ("BIA") decision to affirm the Immigration Judge's order that he was ineligible for a waiver of removal under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed). Ibanez was found to be removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) because he was a criminal alien. Ibanez argues that the BIA should have held his case in abeyance or remanded for further fact finding based on a pending Freedom of Information Act request. Ibanez also argues that the repeal of § 212(c) relief for aliens convicted after a jury trial has an impermissible retroactive effect. Finally, Ibanez argues that distinguishing between aliens who pled guilty and aliens convicted after a jury trial violates his right to equal protection and due process.

"We review *de novo* whether we have subject-matter jurisdiction." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007). In addition, we review questions of law *de novo*, with appropriate deference to the BIA's reasonable interpretation of the statute in question. *See Sarmiento Cisneros v. U.S. Att'y Gen.*, 381 F.3d 1277, 1279-80 (11th Cir. 2004) (citing *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843, 104 S. Ct. 2778, 2782 (1984)). However, no deference is owed to the agency when the interpretation of the statute involves the retroactive application of the statute. *Id.* at 1280. Finally, we review constitutional claims *de novo*. *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d

2

1314, 1316 (11th Cir. 2006).

We first conclude that we lack jurisdiction to address Ibanez's claim that the Board should have granted his request to hold the administrative proceedings in abeyance. This court may not review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1227(a)(2)(A)(iii), that is, an alien removable for an aggravated felony offense. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). The only exception to the jurisdictional bar is that we may review constitutional claims and questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Because Ibanez is removable due to his convictions for aggravated felony drug offenses, we conclude that judicial review of the Board's discretional denial of his request to abate the proceedings is barred. *See Jean-Pierre v. U.S. Atty. Gen.*, 500 F.3d 1315, 1320 (11th Cir. 2007).

Ibanez next argues that he had an expectation of the availability of a § 212(c) waiver when he went to trial in Tennessee, and that the waiver should remain available to him, notwithstanding Congress's repeal of § 212(c) in 1986. He is wrong. In *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271 (2001), the Supreme Court held that the provisions that repealed discretionary relief from deportation under § 212(c) do not apply retroactively to an alien who pleaded guilty to criminal charges, in reliance on the possibility of § 212(c) relief, prior to the enactment of

3

the repealer provisions. *St. Cyr*, 533 U.S. at 326, 121 S. Ct. at 2293. If an alien pleaded guilty or *nolo contendere* to certain crimes before April 1, 1997, he may file a motion to reopen his deportation proceedings in order to seek § 212(c) relief. 8 C.F.R. § 1003.44. An alien is ineligible for § 212(c) relief if he was convicted of an aggravated felony, unless he was convicted between 1990 and 1996 and served less than five years of his sentence, or he was convicted pursuant to a guilty plea before 1990. *Id.* at §§ 1003.44(c), 1212.3(f)(4)(i)-(ii).

In *Alexandre v. U.S. Att'y. Gen.*, 452 F.3d 1204 (11th Cir. 2006), we concluded that § 212(c) relief is not available to aliens who were convicted after a trial instead of on a guilty plea. *Alexandre*, 452 F.3d at 1207. Moreover, we have noted as consistent with *St. Cyr*, the distinction between aliens who pleaded guilty and those who proceeded to trial. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1274 (11th Cir. 2002).

The overwhelming majority of circuit courts have held that there is no impermissible retroactive effect in § 212(c) relief which is not granted to someone who went to trial, because the person did not detrimentally rely on the availability of relief. Accordingly, we reject Ibanez's argument that he had an expectation of the availability of § 212(c) waiver.

Finally, we reject Ibanez's contention that distinguishing between aliens who are convicted after a trial and aliens who plead guilty violates his right to due

4

process or equal protection. *See Brooks*, 283 F.3d at 1274 (citing *Fernandez-Bernal v. Att'y Gen. of the U.S.*, 257 F.3d 1304, 1312 (11th Cir. 2001)).

For the above-stated reasons, we **DISMISS** the petition in part, and **DENY** the petition in part.