[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 10, 2008
THOMAS K. KAHN
CLERK

No. 07-12631
No. 07-14213
Non-Argument Calendar

_____

Agency No. A72-680-243

DANIEL LUBOWA,

                                                      Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 10, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Daniel Lubowa, a native and citizen of Uganda, was convicted of five counts

of mail fraud in federal court in Kentucky. Pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1228, the Department of Homeland Security instituted expedited, administrative removal proceedings against Lubowa. Accordingly, the Department served Lubowa with a Notice of Intent to Issue a Final Administrative Removal Order, charging him with being an aggravated felon subject to removal, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Despite being given the opportunity to do so under 8 C.F.R. § 1238.1(c), Lubowa did not challenge the Department's determination that he was an aggravated felon. The Department issued a Final Administrative Removal Order.

An asylum officer referred the case to an Immigration Judge after finding that Lubowa had a reasonable belief that he would suffer persecution or torture upon his return to Uganda. Accordingly, Lubowa filed an application for withholding of removal under the INA and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c). The IJ denied Lubowa's application on the merits and remanded the case to DHS for enforcement of the administrative removal order. After several rounds of appeals, the Board of Immigration Appeals affirmed.

Proceeding pro se, Lubowa petitions this Court for review of the BIA's order affirming the IJ's denial of his claims for withholding of removal and CAT relief.

2

Lubowa also petitions this Court for review of the BIA's subsequent order denying his motion to reconsider that order. We consolidated the petitions for review for purposes of this appeal.

## I.

Lubowa first contends that the BIA erred by failing to address whether he was convicted of an aggravated felony. He was not convicted of an aggravated felony, he argues, because he did not cause more than $10,000 of loss in connection with his mail fraud convictions. The government responds that we lack jurisdiction to review the IJ's decision that Lubowa was convicted of an aggravated felony because he failed to exhaust his administrative remedies on that issue. Specifically, the government argues that, in spite of being given the opportunity to do so, Lubowa failed to respond to the Department's notice of intent as required by 8 C.F.R. § 1238.1(c).

We review de novo our own subject matter jurisdiction. Sanchez Jimenez v. United States Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). "We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Aschroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. In this case, the BIA did not expressly adopt the IJ's opinion, and, therefore, we review the BIA's underlying order dismissing Lubowa's appeal and its order denying his

3

motion for reconsideration.

The INA provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Accordingly, we have held that we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The statute authorizes the Attorney General to institute expedited, administrative removal proceedings with respect to aliens convicted of aggravated felonies. See 8 U.S.C. § 1228. The Attorney General has promulgated regulations under the statute, which require that an alien who was purportedly convicted of aggravated felony be served with a notice of intent that advises him of the legal and factual basis of the charges and informs him of his opportunity to rebut the charges within ten calendar days. 8 C.F.R. § 1238.1(b)(2)(i).

The regulations specify that, in the alien's response to the notice of intent, he may designate a country of removal, rebut the notice's allegations, request an opportunity to review the government's evidence, request withholding of removal, and/or request that an extension of time be granted. 8 C.F.R. § 1238.1(c)(1). If an

4

alien does not submit a timely response and the evidence establishes the alien's removal by clear and convincing evidence, the regulations require the government to issue a final administrative removal order. 8 C.F.R. § 1238.1(d)(1).

The notice of intent Lubowa received stated that Lubowa was a native and citizen of Uganda who was subject to expedited removal proceedings under 8 U.S.C. § 1228(b) on the ground that he was convicted of an aggravated felony. Specifically, the notice charged that in May 2002 Lubowa was convicted of five counts of mail fraud in federal court an Kentucky and was responsible for over $10,000 in loss arising from those crimes. The notice emphasized that Lubowa was required to respond to the charges within ten calendar days and notified him of the steps he could take in response to it. However, Lubowa did not respond to the notice, and therefore he failed to exhaust his administrative remedies with respect to whether he had been convicted of an aggravated felony. As a result, we lack jurisdiction to consider Lubowa's argument about that issue. See 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga, 463 F.3d at 1250.

**II.**

Lubowa next contends that the BIA committed numerous factual errors when affirming the denial of his application for withholding of removal and CAT relief. The INA provides that " no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed

5

a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this Title." 8

U.S.C. § 1252(a)(2)(C). Section 1227(a)(2)(A)(iii), in turn, covers aliens who

were "convicted of an aggravated felony at any time after admission." 8 U.S.C. §

1227(a)(2)(A)(iii). In May 2005 the REAL ID Act amended § 1252(a) to include

subsection (D), which provides: "Nothing in subparagraph (B) or (C), or in any

other provision of this chapter (other than this section) which limits or eliminates

judicial review, shall be construed as precluding review of constitutional claims or

questions of law." 8 U.S.C. § 1252(a)(2)(D). Thus, after the addition of

§ 1252(a)(2)(D), "factual determinations continue to fall outside the jurisdiction of

the court of appeals." Chacon-Botero v. United States Att'y Gen., 427 F.3d 954,

957 (11th Cir. 2005) (citation omitted).

Despite noting that it may be "difficult at times to delineate the precise

boundaries between permitted review of legal questions and forbidden review of

administrative factual findings," we have held that challenges to "administrative

findings of fact about the sufficiency of [the petitioner's] evidence and the

likelihood of his being tortured" are beyond the scope of our review. Cadet v.

Bulger, 377 F.3d 1173, 1192 (11th Cir. 2004) (addressing a 28 U.S.C. § 2241

petition before the passage of the REAL ID Act); see Alexandre v. United States

Att'y Gen., 452 F.3d 1204, 1206 (11th Cir. 2006) (stating that § 1252(a)(2)(D)

"offers the same [scope of] review as that formerly afforded in habeas corpus

6

which provided legal, but not factual or discretionary, determinations"). We explained:

> [T]o the extent Cadet's § 2241 petition challenges the administrative findings that his evidence failed to establish that <u>he</u> individually is more likely than not to be subjected to torture if returned to Haiti, his challenge is largely factual in nature. Thus, to the extent Cadet challenges the administrative fact finding regarding what will likely happen to <u>him</u> individually if returned to Haiti, that challenge falls outside the scope of our § 2241 habeas review.

<u>Cadet</u>, 377 F.3d at 1195. On the other hand, we have held that we retain jurisdiction under § 1252(a)(2)(D) to review "the application of an undisputed fact pattern to a legal standard." <u>Jean-Pierre v. United States Att'y Gen.</u>, 500 F.3d 1315, 1322 (11th Cir. 2007); <u>accord</u> <u>Cadet</u>, 377 F.3d at 1185, 1194 (holding that we had jurisdiction to determine whether undisputed facts legally constituted torture).

Lubowa does not contend that the IJ or the BIA applied improper legal standards with respect to his claims for withholding of removal and CAT relief. Instead, he contends that the BIA made the following factual errors: (1) stating that Lubowa had been convicted of wire fraud and of using a false identity; (2) stating that Lubowa feared "that those in power will imprison him and torture him to prevent him from challenging their authority;" (3) finding that Lubowa feared the "Lord's Resistance Army" or any other rebel group; (4) improperly characterizing the jury's verdict with respect to his mail fraud convictions; and (5)

7

finding that Lubowa had not established that Uganda was in possession of information accusing him of treason and of being a military threat. All of these arguments arise from the BIA's factfindings on disputed facts as they related to the denial of Lubowa's request for withholding of removal and CAT relief. Accordingly, we lack jurisdiction under § 1252(a)(2)(D) to review them. See U.S.C. § 1252(a)(2)(C); Chacon-Botero, 427 F.3d at 957; see also Cadet, 377 F.3d at 1192.

### III.

Finally, Lubowa contends that his due process rights were violated in nine separate ways. Specifically Lubowa contends that: (1) the IJ improperly prevented the government from reviewing the transcript of a particular witness' testimony from Lubowa's criminal trial, thus constituting an intentional obstruction of and failure to adjudicate Lubowa's key evidence; (2) the IJ hindered him from testifying at the hearing by forcing him to respond with "yes or no" answers; (3) the IJ conspired with his attorneys to prevent him from appealing his decision to the BIA; (4) his attorneys provided him with ineffective assistance of counsel because they did not make any opening or closing statement, advance any legal arguments, challenge the aggravated felony finding, or discuss the documentary evidence standard; (5) the IJ improperly withheld the asylum officers' findings from the record; (6) the IJ, who was white, was racially biased against Lubowa; (7)

8

the transcript of the removal proceedings held before the IJ was prejudicially defective; (8) the BIA erred by issuing Lubowa and incorrect briefing schedule after it vacated its first two orders; and (9) the BIA erred by failing to require the Department to include in the record what the U.S. Embassy submitted to the Ugandan government in its efforts to authenticate a purported Ugandan warrant for Lubowa's arrest for treason, as well as any response from the Ugandan government. Although we have jurisdiction to consider these constitutional arguments, 8 U.S.C. § 1252(a)(2)(D), having considered them we conclude that they are all without merit.

For these reasons, we dismiss Lubowa's petition in part and deny his petition in part. We also deny as moot his pending motion for an expedited disposition of his appeal.

**PETITION DISMISSED IN PART, DENIED IN PART.**

9