[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11290
Non-Argument Calendar

_____

Agency No. A34-074-706

EVERTON ALPHONSO MCKENZIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 9, 2008)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Everton Alphonso McKenzie, a citizen of Jamaica, was admitted into the

United States as a lawful immigrant in October 1973. In 1986, McKenzie was

convicted by a jury in New York of criminal possession of marijuana in the fourth degree and criminally using drug paraphernalia in the second degree. The Notice to Appear ("NTA") alleged McKenzie was removable because of his 1986 marijuana possession conviction. McKenzie filed an application for a waiver of inadmissibility under the Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c), which the Immigration Judge ("IJ") pretermitted.

The IJ ordered McKenzie removed based on his marijuana conviction. McKenzie petitions for review of the Board of Immigration Appeal's ("BIA") order dismissing his appeal from the IJ's removal order. After review, we dismiss in part and deny in part McKenzie's petition.

## A.    Appellate Jurisdiction

Because McKenzie is a removable alien based on his controlled substance offense, we do not have jurisdiction to review the BIA's final removal order. See 8 U.S.C. § 1182(a)(2)(A)(i)(II), INA § 212(a)(2)(A)(i)(II); 8 U.S.C. § 1252(a)(2)(C), INA § 242(a)(2)(C); Brooks v. Ashcroft, 283 F.3d 1268, 1272-73 (11th Cir. 2002). However, we retain jurisdiction to review any substantial, colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(c)(2)(C), (D), INA § 242(a)(2)(C), (D); Oguejiofor v. Att'y Gen. of U.S., 277 F.3d 1305, 1308 (11th Cir. 2002).

The following issues McKenzie raises do not present a constitutional claim

or a question of law, but instead challenge the BIA's discretionary decisions, and we lack jurisdiction to review them: (1) whether McKenzie would have received § 212(c) relief (had his application not been pretermitted) or § 212(h) relief (had he been allowed to apply); and (2) whether to reopen McKenzie's removal proceedings to permit McKenzie to apply for § 212(h) relief.[1]

Although we lack jurisdiction to review the discretionary aspect of McKenzie's request for § 212(c) relief, we retain jurisdiction to review the legal question of whether McKenzie's 1986 marijuana possession conviction rendered him ineligible for § 212(c) relief.

## B. McKenzie's Eligibility for § 212(c) Relief

### 1. Section 212(c) Waiver

Under § 212(c), the Attorney General has the discretion to waive an alien's inadmissible status if the alien is a lawful permanent resident who has lived continuously in the United States for seven years. See 8 U.S.C. § 1182(c) (1996), INA § 212(c). Although § 212(c) originally provided for a waiver of exclusion for aliens who had gone abroad temporarily, the provision was "extended to provide relief from deportation orders as well." Asencio v. INS, 37 F.3d 614, 616 (11th Cir. 1994). However, the § 212(c) waiver is available to removable lawful

---

[1]McKenzie does raise two constitutional claims, but they are not substantial, non-frivolous claims, and thus we lack jurisdiction to review them, too.

permanent residents only to the extent the grounds for removal are analogous to grounds for exclusion under INA § 212(a), 8 U.S.C. § 1182(a).

In 1996, Congress eliminated § 212(c) relief for aliens convicted of certain disqualifying offenses, including controlled substance offenses. See Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, § 440(d), 110 Stat. 1214 (1996). Later that same year, Congress repealed § 212(c) altogether and replaced it with a new procedure called "cancellation of removal." See Illegal Immigration Removal and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Div. C Title III § 304(b), 110 Stat. 3009-597. However, the Supreme Court concluded in INS v. St. Cyr, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001), that the provisions of AEDPA and IIRIRA eliminating § 212(c) relief could not apply retroactively to aliens who were eligible for § 212(c) relief at the time they pled guilty to a disqualifying offense. Thus, despite AEDPA and IIRIRA, aliens who pled guilty before § 212(c) was repealed may still apply for § 212(c) relief. In Alexandre v. United States Attorney General, we stated that, although an alien who pled guilty prior to the repeal of § 212(c) still could seek § 212(c) relief, "§ 212(c) relief is not available to aliens who were convicted after a trial instead of on a guilty plea." 452 F.3d 1204, 1207 (11th Cir. 2006).[2]

---

[2]This statement is not dictum given that the Alexandre court concluded that the petitioner was ineligible for § 212(c) relief because, inter alia, he had proceeded to trial and was convicted by a jury.

2.      McKenzie's § 212(c) Application

In his removal proceedings, McKenzie admitted the charges against him in the NTA and originally sought cancellation of removal. McKenzie submitted the judgment for his 1986 convictions, which showed that he was found guilty by a jury of criminal possession of marijuana in the fourth degree and of criminally using drug paraphernalia in the second degree and was sentenced to three years of probation. The IJ exercised her discretion and denied McKenzie's application for cancellation of removal. The BIA concluded that the IJ had not erred and dismissed McKenzie's appeal.

McKenzie filed a motion to reopen his proceedings, arguing he should be allowed to apply for a § 212(c) waiver. The BIA granted McKenzie's motion, noting that McKenzie had been convicted after pleading guilty before AEDPA's enactment and that, although his application was untimely, he should be given "an opportunity to apply for relief under section 212(c)."

In the reopened proceedings, the government moved to pretermit McKenzie's application because his 1986 marijuana conviction was by a jury, not based on a guilty plea. McKenzie submitted a certificate of disposition indicating that his 1986 marijuana conviction was the result of a guilty plea. However, McKenzie admitted at the hearing that he was convicted following a jury trial. The IJ granted the government's motion to pretermit McKenzie's § 212(c) application.

5

On appeal to the BIA, McKenzie conceded that the certificate of disposition was erroneous and admitted that he had been convicted by a jury. However, he argued that his jury conviction did not preclude him from § 212(c) relief for various reasons. McKenzie also filed a "motion to remand," arguing, inter alia, that he should be allowed to pursue § 212(h) relief.[3]

The BIA dismissed McKenzie's appeal. The BIA noted that McKenzie did not deny being convicted by a jury and concluded, therefore, that McKenzie's conviction did not fall within the ambit of St. Cyr and rendered him ineligible for § 212(c) relief. The BIA also denied McKenzie's motion to remand, which it construed as a motion to reopen. The BIA found that McKenzie could have, but did not, apply for § 212(h) relief when his proceedings were reopened and that McKenzie did not properly assert a claim of ineffective assistance of counsel as to the failure to timely seek § 212(h) relief.[4]

3.    McKenzie's Petition for Review

McKenzie does not dispute that his marijuana conviction is based on a jury trial and not a guilty plea. Therefore, under our Alexandre precedent, the IJ and

---

[3]Section 212(h) permits the Attorney General, in his discretion, to waive inadmissibility if the controlled substance offense is "a single offense of simple possession of 30 grams or less of marijuana" and the applicant meets other criteria. 8 U.S.C. § 1182(h), INA § 212(h).

[4]We review only the BIA's decision "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's and the IJ's legal determinations de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

the BIA did not err in concluding that McKenzie is ineligible for § 212(c) relief.

McKenzie makes several arguments as to why he nonetheless should be considered eligible, all of which lack merit. For example, Alexandre's binding effect forecloses McKenzie's argument that the repeal of § 212(c) had an impermissible retroactive effect under the Supreme Court's two-step retroactivity analysis in Landgraf v. USI Film Prods., 511 U.S. 244, 114 S. Ct. 1483 (1994). In Alexandre, we concluded that the retroactivity rationale of St. Cyr did not apply to aliens who had been convicted by a jury. Alexandre, 452 F.3d at 1207. We are bound by Alexandre unless it is overruled by the Supreme Court or this Court sitting en banc. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 n.3 (11th Cir. 2007).

## C. Section 212(h) Relief

McKenzie argues that the IJ erred when she failed to rule on his eligibility for a § 212(h) waiver. However, McKenzie never gave the IJ a reason to rule on McKenzie's § 212(h) eligibility. The record shows that McKenzie only mentioned § 212(h) in passing during the hearing on his § 212(c) application and did not state an intent to apply for such relief at that time. McKenzie first expressed a desire to apply for a § 212(h) waiver on appeal to the BIA when he asked the BIA to reopen

7

his proceedings to permit him to file a § 212(h) application.[5]  Thus, the IJ did not

err in failing to rule on McKenzie's eligibility for a § 212(h) waiver.

**PETITION DISMISSED IN PART and DENIED IN PART.**

---

[5]Similarly, we reject as meritless McKenzie's claim that the BIA concluded that he was ineligible for a § 212(h) waiver.  The BIA concluded only that McKenzie's proceedings should not be reopened to permit him to apply for a § 212(h) waiver (because he could have applied earlier, but did not), not that he was ineligible for such a relief.