[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15440
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2009
THOMAS K. KAHN
CLERK

Agency No. A031-446-859

RICHARD FITZGERALD WAYNE BARTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 10, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Fitzgerald Barton, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' judgment affirming the Immigration Judge's denial of his requests for relief from removability under former INA § 212(c),  8 U.S.C. § 1152(c) and INA § 212(h), 8 U.S.C. § 1152(h).  Barton contends that he is admissible to the United States for permanent residence, as required for an adjustment of status under INA § 245, 8 U.S.C. § 1255, because he is entitled to a waiver of the convictions in his criminal history that would otherwise make him inadmissible.  Specifically, he argues that the BIA erred by finding him statutorily ineligible for a waiver of his two robbery convictions under former INA § 212(c) and his marijuana conviction under INA § 212(h).

## I.

Barton was admitted to the United States as a lawful immigrant in June 1971.  In 1988 he pleaded guilty to two charges of first degree robbery.  In July 2001 Barton was convicted of misdemeanor possession of up to one half ounce of marijuana.  In April 2002 he was convicted of possession of a firearm by a convicted felon.  A 2004 Notice to Appear alleged that Barton was removable (1) under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) because of his conviction of an aggravated felony that was specifically a crime of violence under INA § 101(A)(43)(F), 8 U.S.C. § 1101(a)(43)(F); (2) under INA § 237(a)(2)(C), 8

U.S.C. § 1227(a)(2)(C) because of his conviction of unlawful possession of a firearm; and (3) under INA § 237(a)(2)(A)(ii), 8 U.S.C. 1227(a)(2)(A)(ii) because of his conviction of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. Barton conceded removability but applied for an adjustment of status under § 245(a), 8 U.S.C. § 1255(a) and for waivers of inadmissibility under former INA § 212(c) and INA § 212(h). The IJ denied Barton's request for relief of removal, and the BIA affirmed the IJ's decision. Barton appeals.

Barton does not challenge the exercise of discretionary relief but instead the determination that he was ineligible for that relief. We have jurisdiction to review that legal question. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); INS v. St. Cyr, 533 U.S. 289, 307–08, 121 S. Ct. 2271, 2283 (2001) (noting the distinction between eligibility for discretionary relief and the favorable exercise of discretion).

We review only the BIA's decision because the BIA did not expressly adopt the IJ's judgment or reasoning. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the BIA's legal determinations, and that review is "informed by the principle of deference articulated in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2278, 81 L.Ed.2d 894 (1984)." Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006) (citation and internal quotation marks omitted).

## II.

Barton contends that the BIA erred in finding he was ineligible for a waiver of his armed robbery convictions under former INA § 212(c). That provision allows the Attorney General to waive an alien's inadmissible status when an alien is a lawful permanent resident who has lived continuously in the United States for seven years.[1] See INA § 212(c), 8 U.S.C. § 1182(c). Although § 212(c) originally provided for a waiver of exclusion for aliens who had gone abroad temporarily, the provision has been "extended to provide relief from deportation orders as well." Asencio v. INS, 37 F.3d 614, 616 (11th Cir. 1994).

A § 212(c) waiver is available to removable lawful permanent residents only

---

[1] Although Congress repealed § 212(c) in 1996, Barton, who pleaded guilty before the repeal, can still seek § 212(c) relief. See Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1207 (11th Cir. 2006).

4

to the extent that the grounds for removal are analogous to grounds for exclusion under INA § 212(a), 8 U.S.C. § 1182(a). The BIA determined that although Barton's robbery convictions had an analogous ground for exclusion under INA § 212(a) to the extent that they were charged as crimes of moral turpitude, they did not to the extent that they were charged as aggravated felonies. For that reason, removability could not be waived under § 212(c) for the robbery convictions. Barton argues, however, that he should not be deprived of § 212(h) relief from the effect of his marijuana conviction just because the robbery convictions are both crimes of moral turpitude and aggravated felonies.

To adjust status, an alien must be legally admissible into the United States. INA § 245(a), 8 U.S.C. § 1255(a). An alien who has been convicted of any controlled substance offense is inadmissible, although that conviction may be waived under § 212(h). INA § 212(a)(2)(A)(i)(II), (a)(2)(F), 8 U.S.C. § 1182(a)(2)(A)(i)(II), (a)(2)(F). In particular, a marijuana conviction involving simple possession of thirty grams or less may be waived, at the discretion of the Attorney General, for an alien who is the spouse, parent, or child of an American citizen or lawful permanent resident if the denial of admission would "result in extreme hardship" to the American citizen or permanent resident. INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B).

However, an alien who has "been convicted of an aggravated felony" is not eligible for a § 212(h) waiver. INA § 212(h), 8 U.S.C. § 1182(h). A theft offense is an aggravated felony. INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). Even if the BIA had waived Barton's robbery convictions, waiver of an alien's conviction under former INA § 212(c) does not operate as "a pardon or expungement of the conviction itself" and such a conviction can still serve as a basis for deportation. See In re Balderas, 20 I. & N. Dec. 389, 391 (1991); cf. Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 (11th Cir. 2006) (holding that "state convictions expunged under a rehabilitative statute are still convictions for immigration purposes" (citation and internal quotation marks omitted)).

Barton is not eligible for a § 212(h) waiver of his marijuana conviction because his robbery convictions are aggravated felonies. His unwaived marijuana conviction is sufficient to deny him relief of removal. See INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). Thus, the BIA did not err in affirming the IJ's denial of Barton's request for relief from removal.

**PETITION DENIED**.