[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12921
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20385-PCH

OXANA IVANTCHOUK,

                                        Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2011)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Oxana Ivantchouk appeals the district court's dismissal of her complaint for review of the Immigration Judge's (IJ) and Board of Immigration Appeals's (BIA) determination that she is statutorily ineligible for adjustment of status or other relief from deportation. She argues that the district court incorrectly determined that it lacked subject-matter jurisdiction over her claim. For the reasons set forth below, we affirm.

## I.

Ivantchouk entered the United States in 1994 on a passport from the former U.S.S.R., and filed an asylum application in 1995, alleging that she had been persecuted in her home country, the newly independent Republic of Uzbekistan. The BIA determined that she was a dual national of Russia and Uzbekistan and ordered her removed to Russia or, alternatively, to Uzbekistan.

In 2005, Ivantchouk was granted a motion to reopen the removal proceedings for the purpose of determining whether she possessed a well-founded fear of future persecution based on changed country conditions in Uzbekistan. She simultaneously sought adjustment of status based on her bona fide marriage to a United States citizen. At the reopened hearing, the government presented evidence that she had used an alias to file a second asylum application that contained mistaken, erroneous, and false factual assertions and conclusions.

2

Ivantchouk testified that she knew the fraudulent application had been filed on her behalf, that it bore her signature, and that it contained patently false statements and documents. The IJ determined that the second application was frivolous and, thus, she was statutorily ineligible for any form of relief from removal. The BIA affirmed the decision. While on appeal, the BIA denied Ivantchouk's motion to admit evidence of her bona fide marriage on the ground that the frivolous application barred her from adjustment of status and, thus, the evidence was immaterial. The BIA denied her subsequent motion for reconsideration, we dismissed her petition for review of that decision, and the Supreme Court denied *certiorari*.

In 2010, Ivantchouk filed the instant civil complaint in the district court, alleging that the government had violated her right to due process when it denied her requests for relief from an order of deportation. She alleged that she was not given notice of the frivolous application and, thus, did not have the opportunity to investigate and defend against the allegation. She asked the court to (1) enter judgment that the allegedly frivolous application should not disqualify her from having her immigration claim considered, (2) order that the removal order be set aside, and (3) order that she be allowed to present her claims without the frivolous-application bar.

The government moved to dismiss the complaint on grounds that the federal courts of appeals are the sole and exclusive means for judicial review of a removal order, and the district court lacked habeas corpus jurisdiction over Ivantchouk's claims. Furthermore, it contended that we had already considered and rejected her constitutional claims when we denied her petition for review, that she had no constitutionally protected interest in obtaining adjustment of status, and that no other federal statute conferred an independent basis for jurisdiction. Ivantchouk responded that the jurisdictional bar in 8 U.S.C. § 1252(g) did not apply to her claim.

The district court found that Ivantchouk's complaint sought to challenge the final removal order, and, thus, the court lacked jurisdiction pursuant to 8 U.S.C. § 1252(a)(5) and (b)(9). It noted that any petition challenging the removal order had to be brought in this Court. Accordingly, it granted the government's motion to dismiss the complaint.

## II.

We review questions of subject-matter jurisdiction *de novo*. *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004).

Prior to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), we held that habeas review under 28 U.S.C. § 2241 was available to aliens

challenging constitutional issues and errors of law arising from their removal orders. *See Cadet v. Bulger*, 377 F.3d 1173, 1182-84 (11th Cir. 2004). The REAL ID Act subsequently amended the judicial-review provisions of 8 U.S.C. § 1252, providing that:

> Notwithstanding any other provision of law . . . , including section 2241 of Title 28, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . , except as provided in subsection (e) of this section. . . .
> . . . .
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law . . . , to review such an order or such questions of law or fact.

§ 1252(a)(5), (b)(9). Section 1252(e) states that no court may enter declaratory, injunctive, or other equitable relief pertaining to a removal order, except that the courts retain habeas corpus jurisdiction to determine whether an individual is an alien, is subject to a removal order, and already has lawful status as a permanent resident, refugee, or asylee.

Thus, the REAL ID Act expanded appellate courts' jurisdiction to consider constitutional and legal questions in a petition for review of the immigration

proceedings, and it rendered a petition for review the alien's exclusive means for review of the removal order. *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006). Habeas corpus relief in the district court is precluded insofar as the alien seeks review of a removal order. *See id.* Habeas corpus jurisdiction exists over a petition challenging the legality of an alien's detention, *see Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006), but the alien cannot state a claim for habeas corpus relief arising from her allegedly illegal post-removal-order detention unless she can "show post-removal[-]order detention in excess of six months [and] . . . good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

An alien who knowingly makes a frivolous application for asylum is permanently ineligible for any benefits under 8 U.S.C. § 1158, which includes asylum and adjustment of status. *See* 8 U.S.C. § 1158(d)(6). An alien applying for asylum must receive notice from the government of the consequences of filing a frivolous application. *See id.* § 1158(d)(4)(A), (d)(6). Nothing in § 1158(d) creates a private right of action against the government. *Id.* § 1158(d)(7).

Ivantchouk is not detained. *See Madu*, 470 F.3d at 1366-67. She argues only that the frivolous-application bar in § 1158(d)(6) should not have applied to

6

her, and that its imposition deprived her of her right to due process in the reopened removal proceedings. To the extent that these claims are reviewable, they constitute a statutory and constitutional challenge to her final removal order and, thus, she was required to pursue her claims in a timely petition for review in this Court. *See* 8 U.S.C. § 1252(a)(5); *Alexandre*, 452 F.3d at 1206. Furthermore, insofar as she challenged the adequacy of the notice that the frivolous-application bar would be invoked, this issue did not create a private right of action that could be enforced in the district court. *See* § 1158(d)(4)(A), (d)(6), (d)(7). Finally, her arguments regarding the scope of § 1252(g), which bars judicial review of certain discretionary decisions by the Attorney General, are inapposite, as the district court's ruling was based on subsections (a)(5) and (b)(9), not subsection (g). Therefore, the district court correctly concluded that it lacked jurisdiction to review Ivantchouk's claims.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**