[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13688
Non-Argument Calendar
_____

Agency No. A034-346-402


GARY THOMAS GUEVARA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 20, 2018)

Before MARTIN, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gary Guevara, a native and citizen of Trinidad and Tobago, petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of his motion to reopen.  Mr. Guevara argues that his motion to reopen should have been granted because he did not have notice of his hearing date and because his failure to appear was his prior counsel's fault.  After careful review, we determine that we lack jurisdiction over his appeal and, accordingly, dismiss the petition.

## I

Mr. Guevara was born in Trinidad and Tobago and admitted to the United States as a lawful permanent resident on November 23, 1973.  Over a span of about 20 years, he was convicted of three offenses:  grand larceny (August 24, 1979), negotiating a worthless instrument (January 31, 1996), and theft of property (May 13, 1998).  In 2010, Mr. Guevara left the United States for a brief trip to Trinidad and attempted to reenter on April 6, 2010.  On July 6, 2010, the Department of Homeland Security issued him a Notice to Appear before an immigration judge and charged him with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of crimes involving moral turpitude.  *See also* Immigration and Nationality Act § 212(a)(2)(A)(i)(I).

Mr. Guevara's counsel initially filed a motion to terminate proceedings on his behalf on July 18, 2012, arguing that his civil and political rights were restored

because the Governor of Alabama granted him a pardon. On August 14, 2012, the IJ denied his motion to terminate proceedings, finding he had not been granted a full and unconditional pardon.

Mr. Guevara then conceded his removability and filed an untimely application for waiver of inadmissibility on August 29, 2013. On August 5, 2015, Mr. Guevara's counsel was issued a Notice of Change in Hearing Location indicating the individual hearing date was scheduled for April 4, 2016. Mr. Guevara and his counsel failed to appear at the scheduled hearing, so the IJ ordered him removed *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(A) (providing that, after an alien or counsel receives written notice, he shall be ordered removed *in absentia* if he does not appear at his removal proceeding).

Mr. Guevara filed a motion to reopen proceedings on October 3, 2016. He asserted that he believed the hearing was scheduled for October 14, 2016. But, he acknowledged in his motion, that his "[c]ounsel received notice that the hearing date would be changed to April 4, 2016 on June 28, 2014." *See* Motion to Reopen at ¶ 5.[1]

The IJ denied his motion to reopen, finding that Mr. Guevara did not overcome the presumption of notice and pointing to record evidence establishing

---

[1] Mr. Guevara's counsel's recollection that he received notice of the hearing date change on June 28, 2014 does not appear to align with the government's records that the notice was mailed in August of 2015. Mr. Guevara's counsel may be mistaken about when he received the notice of the hearing date, but nevertheless acknowledged that he received notice that it was set for April 4, 2016. As we explain, we do not have jurisdiction over these factual questions.

that notice was sent and his attorney's concession establishing that notice was received. The IJ also determined that exceptional circumstances did not exist to warrant reopening. *See* INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i) (providing the procedure for the IJ to reopen a case "because of exceptional circumstances"). Mr. Guevara appealed to the BIA, which affirmed the IJ's decision and declined to order *sua sponte* reopening. *See* 8 C.F.R. § 1003.2(a) (giving the BIA discretionary authority to reopen any case *sua sponte*). He timely appealed the BIA's decision.

## II

We are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). We review our subject-matter jurisdiction *de novo*. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a "final order of removal against an alien who is removable by reason of having committed a criminal offense in [§] 1182(a)(2)." *See also Arias v. U.S. Att'y Gen*, 482 F.3d 1281, 1284 (11th Cir. 2007). We also lack jurisdiction to review discretionary decisions of the Attorney General or the Secretary of Homeland Security. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Nevertheless, the REAL ID Act of 2005, which amended 8 U.S.C. § 1252, restored us partial jurisdiction to review "constitutional

4

claims or questions of law" that are raised in the petition for review. *See* 8 U.S.C. § 1252(a)(2)(D). *See also Arias*, 482 F.3d at 1283–84 (explaining that the REAL ID Act provides jurisdiction over petitions if a question of law or colorable constitutional claim arises). A question of law, as the phrase is used in § 1252(a)(2)(D), includes claims by the petitioner "challeng[ing] the application of an undisputed fact pattern to a legal standard." *Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1322 (11th Cir. 2007). We explained in *Alexandre v. U.S. Attorney General*, 452 F.3d 1204, 1206 (11th Cir. 2006), that our jurisdiction under the REAL ID Act "offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations." *See also Jean-Pierre*, 500 F.3d at 1322 (noting that when "presented with a mixed question of law and fact, the court should analyze it to the extent there are legal elements, but should not review any factual elements"). Accordingly, unless Mr. Guevara raises a question of law or a constitutional claim arising out of the removal proceedings, we lack jurisdiction over the petition. *See* 8 U.S.C. § 1252(a)(2)(D).

We conclude that Mr. Guevara has not properly raised a question of law or a constitutional claim. His contention on appeal is that the BIA erred in refusing to reopen his case because he lacked notice of the hearing date. Our precedent makes clear, however, that in the context of a motion to reopen, whether an alien received sufficient notice of his removal hearing is a finding of fact over which we lack

5

jurisdiction. *See Contreras–Rodriguez v. U.S. Att'y Gen.,* 462 F.3d 1314, 1317 (11th Cir. 2006) (reviewing constitutional claim, but explaining that, with respect to notice, "it is not our role to make such factual findings"). Mr. Guevara's arguments on appeal underscore the factual nature of his petition. Rather than raising legal claims or presenting constitutional issues, he argues that he lacked notice because he erroneously relied on the advice of counsel and thought his hearing was to occur in October of 2016, not April 4, 2016. Further, his opening brief acknowledges that he is requesting our review of "findings of fact." *See* Initial Br. at 2. Without a legal question or constitutional claim to review, we lack jurisdiction. *See Arias*, 482 F.3d at 1283–84.

Without a constitutional claim, we also lack jurisdiction to review the BIA's refusal to exercise its discretion and *sua sponte* reopen Mr. Guevara's case. *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016) ("As [petitioner] has not raised any constitutional claims, we lack jurisdiction to review the BIA's denial of her motion for *sua sponte* reopening.").

### III

For the foregoing reasons, we lack jurisdiction to review Mr. Guevara's petition.

**PETITION DISMISSED.**

6