[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13524

Non-Argument Calendar

_____

NEIL SEAN FAGAN,

                                                    Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

WARDEN, STEWART DETENTION CENTER,

ATTORNEY GENERAL, U.S. DEPARTMENT
OF JUSTICE,

SECRETARY, U.S. DEPT. OF HOMELAND
SECURITY,

FIELD OFFICE DIRECTOR, ATLANTA
DISTRICT FIELD OFFICE,

2                          Opinion of the Court                    21-13524

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:19-cv-00349-WTM-CLR

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Neil Sean Fagan appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of subject-matter jurisdiction. Because Fagan sought review of issues decided in his removal proceeding—specifically, whether he is a U.S. citizen—the sole and exclusive means for judicial review is through his petition for review.[1] We affirm the dismissal of his petition.

## I.

The relevant background is largely undisputed. Fagan was born in Jamaica in 1969 and immigrated to the United States with

_____

[1] Fagan's petition for review of the underlying removal order is docketed with this Court as appeal No. 20-10239. In December 2022, we transferred the proceeding to the district court for a *de novo* hearing on Fagan's nationality claim, in accordance with 8 U.S.C. § 1252(b)(5). *Fagan v. U.S. Att'y Gen.*, No. 20-10239 (11th Cir. Dec. 15, 2022).

his mother in 1974.  His mother became a citizen in 1986, and he became a lawful permanent resident in 1988.

In 2012, Fagan was convicted of one count of conspiracy to commit wire and mail fraud and four counts of mail fraud.  He was sentenced to 90 months of imprisonment and three years of supervised release.

## A.

In 2018, the government brought a proceeding to remove Fagan based on his fraud convictions, and he was placed in immigration custody.  Fagan moved to terminate and otherwise defended the removal proceeding on the ground that he was a U.S. citizen, allegedly having acquired derivative citizenship through his mother's naturalization.

After multiple hearings, the Immigration Judge ("IJ") found that Fagan did not obtain derivative citizenship because he did not become a lawful permanent resident before his eighteenth birthday.  The IJ denied Fagan's motions to terminate and ordered him removed to Jamaica for having committed two or more crimes involving moral turpitude.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii).  The Board of Immigration Appeals ("BIA") affirmed the IJ's decisions and dismissed Fagan's appeal in December 2019.

Fagan timely filed a petition for review of the BIA's decision. We stayed removal and then, on December 15, 2022, we transferred the proceeding to the district court for a *de novo* hearing on Fagan's nationality claim, pursuant to 8 U.S.C. § 1252(b)(5)(B),

finding that there was a "genuine dispute of material fact as to Mr. Fagan's claim of citizenship." *Fagan v. U.S. Att'y Gen.*, No. 20-10239 (11th Cir. Dec. 15, 2022). We held the petition for review in abeyance pending the resolution of the nationality claim.

## B.

Meanwhile, shortly after the BIA's adverse decision in December 2019, Fagan filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus in federal district court. In the petition, which is the subject of this appeal, Fagan alleged that his immigration detention was unlawful because he was a U.S. citizen and because the government failed to meet its burden of proof and misrepresented or concealed facts in the removal proceeding. It does not appear Fagan's § 2241 petition raised any claim distinct from his nationality claim. Among other relief, he sought injunctions barring his removal and releasing him from custody, and a declaration that he was a U.S. citizen. It appears Fagan was released from custody in November 2020.

The district court granted the government's motion to dismiss the petition for lack of subject-matter jurisdiction in September 2021. The court explained that judicial review of legal and constitutional errors in a removal order was, by statute, within the exclusive jurisdiction of the courts of appeals. So, the court stated, it lacked jurisdiction to review issues "intrinsically linked" to the removal proceeding, such as Fagan's nationality claim. Fagan timely appealed.

## II.

We review questions of subject-matter jurisdiction *de novo*. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 996 (11th Cir. 2021). The burden of establishing subject-matter jurisdiction rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Since the passage of the REAL ID Act in 2005, "a petition for review filed with the appropriate court is now [a non-citizen's] exclusive means of review of a removal order." *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006); *see* 8 U.S.C. § 1252(a)(5). Through the REAL ID Act, Congress expanded the jurisdiction of courts of appeals "to review all legal and constitutional errors in a removal order," but it precluded "habeas corpus relief" in the district courts under § 2241. *See Alexandre*, 452 F.3d at 1206; *see Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1360 (11th Cir. 2005) ("The provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases."). Thus, district courts generally lack jurisdiction to review "all questions of law and fact . . . arising from any action taken or proceeding brought to remove" a noncitizen. 8 U.S.C. § 1252(b)(9). Rather, review of such questions "shall be available only in judicial review of a final order" of removal in the appropriate court of appeals. *Id.*

Here, the district court correctly found that it lacked jurisdiction over Fagan's § 2241 habeas corpus petition, which rested on his claim to U.S. citizenship. Fagan raised his potential U.S. citizenship as a defense to removal stemming from the fraud convictions,

and the IJ and BIA ordered his removal only after rejecting this nationality claim. "[B]ecause the issue of [Fagan's] citizenship arose in his removal proceedings, his petition for review, not his habeas corpus petition, is the proper means of seeking redress." *Johnson v. Whitehead*, 647 F.3d 120, 124 (4th Cir. 2011).

Our remand in Fagan's other appeal, No. 20-12039, confirms that his petition for review is the proper and exclusive means of seeking redress based on his nationality claim. Section 1252(b)(5) expressly provides that "nationality claim[s]" are covered by petitions for judicial review of removal orders. Under §1252(b)(5)(B),

> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

"The petitioner may have such nationality claim decided *only* as provided in this paragraph"—that is, *only* by a petition for review, not by a § 2241 petition. 8 U.S.C. § 1252(b)(5)(C) (emphasis added).

Fagan's argument for judicial review in this case is unpersuasive. He maintains that jurisdiction existed based on 8 U.S.C. § 1252(e). That statute governs judicial review of expedited removal

orders entered under 8 U.S.C. § 1225(b)(1), and it carves out a limited role for habeas corpus review, including "whether the petitioner is an alien." *See* 8 U.S.C. § 1252(e)(2)(A).

But those provisions do not apply here. Section 1225(b)(1) permits immigration officers to enter expedited removal orders against certain inadmissible noncitizens who do not seek asylum or withholding of removal. 8 U.S.C. § 1225(b)(1)(A)(i); *see Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1964–65 (2020). Here, though, there is no indication that Fagan has ever been subject to an expedited removal order under § 1225(b)(1). The only removal order in the record was entered under the ordinary procedures for a lawful permanent resident. And so, the ordinary limitations on judicial review apply. *See* 8 U.S.C. §1252(a)(5), (b)(9).

To be clear, the dismissal of this case in no way limits Fagan's ability to obtain judicial review of his nationality claim. In fact, it appears he will receive a judicial determination of citizenship after a *de novo* hearing in the district court stemming from his petition for review. *See* 8 U.S.C. § 1252(b)(5). But that proceeding only reinforces that Fagan's "petition for review, not his habeas corpus petition, is the proper means of seeking redress" based on his nationality claim. *Johnson*, 647 F.3d at 124.

For these reasons, we affirm the dismissal of Fagan's § 2241 petition for lack of jurisdiction.

**AFFIRMED.**