[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17210
Non-Argument Calendar

_____

BIA No. A17-193-060

TOMAS PEQUENO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 7, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Tomas Pequeno, through counsel, seeks review of the decision by the Board of Immigration Appeals ("BIA") affirming the order of the Immigration Judge ("IJ") denying his application for cancellation of removal, under 8 U.S.C. § 1229b, based upon its finding he was an aggravated felon. As a threshold matter, the government argues that 8 U.S.C. § 1252(a)(2)(C), limits our review of the IJ's order of removal regarding Pequeno. We agree that we lack jurisdiction to review the BIA's order denying withholding of removal; however, we retain jurisdiction to consider the legal question of whether Pequeno's crime constitutes an aggravated felony for purposes of cancellation of removal. Concluding that his crime was an aggravated felony, we DISMISS in part and DENY in part.

## I. BACKGROUND

Pequeno is a native and citizen of Cuba and has been a legal permanent resident of the United States since 1967. On 2 January 2003, the Immigration and Naturalization Service ("INS")[1] issued Pequeno a Notice to Appear, charging him with removability as an alien who had been convicted of a crime of moral turpitude. At the removal hearing, Pequeno admitted that he had been convicted in

_____

[2] On 25 November 2002, President Bush signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2125. The Homeland Security Act created a new Department of Homeland Security, abolished the INS, and transferred its functions to the new department. However, because this case was initiated while the INS was still in existence, this opinion refers to the agency as the INS rather than the Department of Homeland Security.

a Florida court for unlawful use of collected tax, a violation of Florida Statute § 206.56, and that the offense of conviction was a crime involving moral turpitude. He stated his intent to seek cancellation of removal because he was a legal permanent resident.

Pequeno subsequently filed an application for cancellation of removal. According to the application, Pequeno had departed and reentered the United States twice: (1) in June 2001 for a Carribean cruise and (2) in July 2002 for a vacation in Alaska. Pequeno admits that he was arrested for theft of state funds, for which he was "withheld" and served 5 years probation. The information charged Pequeno with "knowingly obtain[ing] or us[ing] . . . taxes collected . . . with the intent . . . to deprive the state of a right to the funds or a benefit therefrom, or appropriate the funds to his . . . own use . . . in the amount of one hundred thousand dollars ($100,000) or more, in violation of s. 206.56(2)(a) . . . ." Administrative Record ("AR") at 307. According to the order of conviction, Pequeno was "found guilty of the charge of unlawful use of tax collected/100+." Id. at 309.

The IJ denied Pequeno's application for cancellation of removal. In his oral decision, the IJ found that, having admitted to being convicted of a crime involving moral turpitude, Pequeno was subject to removal. It further found that Pequeno was not eligible for cancellation of removal because his conviction for unlawful

use of collected tax constituted an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(M)(i).

Pequeno filed a notice of appeal with the BIA, arguing that the IJ erred in granting the government's untimely motion to pretermit Pequeno's application for cancellation of removal, but, alternatively, should have granted Pequeno a continuance to seek other forms of relief. In his supporting brief, Pequeno also argued that he was not an aggravated felon because the statute of conviction did not constitute either an offense involving fraud or deceit or a theft offense.

The BIA affirmed the IJ's decision, finding no error in the IJ's "determination that [Pequeno] is removable as charged and, pursuant to his conviction for an aggravated felony, ineligible for cancellation of removal." AR at 2. Specifically, the BIA found that Pequeno's conviction for unlawful use of tax collection was a theft offense, which qualified as an aggravated felony, and that no harm resulted from the IJ accepting the government's untimely motion to pretermit.[2]

Pequeno argues that his conviction under Florida statute for the unlawful use of collected tax does not constitute an aggravated felony. He also argues that the charged offense does not contain the elements of deceit or fraud, as required by 8

---

[2] Pequeno does not assert on appeal his due process argument that the IJ erred in allowing the untimely motion to pretermit. Because it was not asserted on appeal, we will not consider it.

U.S.C. § 1101(a)(43)(M)(i). He further contends that he was not convicted, as defined under Section 322(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1101(a)(48)(A),[3] because the state trial court withheld adjudication of guilt and did not impose a punitive penalty or sentence. Pequeno maintains that, because he is not an aggravated felon, he was entitled to cancellation of removal.

## II. DISCUSSION

Before we can consider whether the BIA properly denied his application for cancellation of removal, we must determine whether we have jurisdiction over Pequeno's petition. We always have jurisdiction to determine our jurisdiction. Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249–51 (11th Cir. 1985) (per curiam) (observing that federal courts have the power to determine their jurisdiction). "[T]he REAL ID Act expanded courts of appeals' jurisdiction to consider constitutional and legal questions presented in a petition for review." Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1206 (11th Cir. 2006) (per curiam). Pequeno presents two questions that could serve to give us jurisdiction: first,

---

[3] Pursuant to § 322(a) an "alien will be considered to have a conviction for immigration purposes if: (1) a judge or jury found the alien guilty, if the alien entered a guilty plea or a plea of nolo contendere, or if the alien admitted sufficient facts to warrant a finding of guilt; and (2) the judge ordered some form of punishment." See Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1268 (11th Cir. 2004); see also 8 U.S.C. § 1101(a)(48)(A).

whether he is removeable based on some criminal offense; second, whether the

BIA committed an error of law when it determined that he was not entitled to

cancellation of removal. We consider these questions in turn.

A. Jurisdiction Vis-a-vis Removal

For purposes of the present petition, jurisdiction is provided by 8 U.S.C.

§ 1252(a)(1), as limited by 8 U.S.C. § 1252(a)(2)(C). Brooks v. Ashcroft, 283

F.3d 1268, 1272 (11th Cir. 2002). The limitation provides, in pertinent part that

> [n]otwithstanding any other provision of law (statutory or
> nonstatutory), including section 2241 of Title 28, or any other habeas
> corpus provision, and sections 1361 and 1651 of such title, and except
> as provided in subparagraph (D), no court shall have jurisdiction to
> review any final order of removal against an alien who is removable
> by reason of having committed a criminal offense covered in section
> 1182(a)(2).

8 U.S.C. § 1252(a)(2)(C) (as amended by the REAL ID Act § 106(a)). Criminal

offenses covered in § 1182(a)(2) include crimes "involving moral turpitude." 8

U.S.C. § 1182(a)(2)(A)(i)(I).

Our review, therefore, requires us to determine whether a petitioner is: "(1)

an alien; (2) who is removable; (3) based on having committed a disqualifying

offense." Moore v. Ashcroft, 251 F.3d 919, 923 (11th Cir. 2001). "If these three

conditions are satisfied, our jurisdiction over the petition for review of the final

6

order of removal disappears." Id. Thus, our jurisdiction depends on whether

Pequeno was convicted of a crime involving moral turpitude.

At his removal hearing, Pequeno admitted that he had been convicted of

unlawful use of collected tax and that it was a crime involving moral turpitude.[4]

Accordingly, the scope of our review is limited by § 1252(a)(2)(C)'s restrictions.

See Fernandez-Bernal v. Att'y Gen. of U.S., 257 F.3d 1304, 1310 (11th Cir. 2001)

(holding that § 1252(a)(2)(C) stripped the court of jurisdiction to review a final

order of removal where the petitioner "admitted, through his counsel, to

committing [a disqualifying offense.]"). Thus, we do not have jurisdiction to

inquire further into this matter.


B. Cancellation of Removal

We have jurisdiction, however, to review the legal question of whether

Pequeno was an aggravated felon and, thus, ineligible for cancellation of removal.

See Alexandre, 452 F.3d at 1206. Pequeno does not raise any other legal

questions. Thus, the only remaining issue over which we have jurisdiction is the

---

[4] Pequeno did not contest before the BIA that the withholding of adjudication on his charge of unlawful use of collected tax constituted a "conviction." Thus, we do not have jurisdiction to review this finding. 8 U.S.C. § 1252(d)(1); Al Najjar v. Ashcroft, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001) (noting that the exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA).

legal question of whether the conviction for unlawful use of collected tax is an aggravated felony.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision. We, therefore, review the BIA's decision. To the extent that the BIA's decision was based upon a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). The decision we review is the BIA's conclusion that Pequeno's conviction was an aggravated theft felony.

A conviction is an aggravated felony for immigration purposes if the offense involves "a theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The statute of conviction in this case provides, in pertinent part:

> (1) Any person who knowingly obtains or uses, or endeavors to obtain or use, taxes collected pursuant to this chapter, with the intent, either temporarily or permanently, to deprive the state of a right to the funds or a benefit therefrom, or appropriate the funds to his or her own use or to the use of any person not entitled thereto, commits theft of state funds.

> (2)(a) If the total amount of revenue involved is $100,000 or more, the offense is a felony of the first degree.

Fla. Stat. § 206.56(1), (2)(a). The statute is clearly a theft statute, so our only remaining inquiry involves whether the minimum term of imprisonment was at least a year.

Under the state sentencing guidelines in effect at the time, the base offense level for first degree felony theft was 56, and the guidelines sentencing range was 21–35 months. See AR at 312–13. Thus, the minimum term of imprisonment for theft of state funds exceeded one year. It does not matter that imposition of the sentence was withheld pursuant to the plea agreement. See United States v. Christopher, 239 F.3d 1191, 1193 (11th Cir. 2001).

For these reasons, Pequeno's conviction was an aggravated felony under § 1101(a)(43)(G). Having answered the legal question that we have jurisdiction to review, we do not have jurisdiction to further review his petition.

### III.  CONCLUSION

Pequeno seeks review of the BIA's decision affirming the IJ's order denying his application for cancellation of removal under 8 U.S.C. § 1229b, based on the finding that he is an aggravated felon. We conclude that we lack jurisdiction to review the BIA's order denying withholding of removal; however, we retain jurisdiction to consider the legal question regarding whether Pequeno's crime constitutes an aggravated felony for purposes of cancellation of removal.

9

Concluding that his tax offense was an aggravated felony, we dismiss the petition to the extent it sought review of the denial of withholding and deny the petition as to the presented legal question. **DISMISSED IN PART and DENIED IN PART**.